## 3514.　GREENE COUNTY v. WALKER.

Whether the county was negligent in its maintenance of the bridge in question, and whether it was contributory negligence on the part of the owner of a colt, three and a half months old, to permit so immature a specimen of the equine genus to accompany the maternal mare in public places, were questions peculiarly for the determination of a jury. Consequently a verdict awarding damages to the owner of the colt for injuries inflicted upon it by reason of its falling through a hole in a public bridge, which is supported by evidence and which has been approved by the trial judge, will not be set aside as being contrary to law.

DECIDED JANUARY 15, 1912.

Appeal; from Greene superior court—Judge Walker. May 30, 1911.

*Noel P. Park,* for plaintiff in error.　*J. G. Faust,* contra.

RUSSELL, J.　Walker brought a suit against Greene County for damages alleged to have been sustained by him as the owner of a colt injured by getting caught in a hole in one of the public bridges of the county. Upon the trial the evidence was undisputed that the value of the colt had been diminished by reason of the casualty, and that there was a hole in the public bridge which had existed for such a length of time as to authorize the jury to infer that the proper county authorities had knowledge of its existence. It de-

veloped that the plaintiff was driving a mare, and that the colt was accompanying its mother. The defendant pleaded that if the colt was injured as alleged in the petition, the injury was caused by the negligence of the plaintiff, and therefore the defendant was not liable in any sum, and that if the plaintiff had used ordinary care and diligence, the injury could have been avoided. Under the first ground of the defense, it is contended that even if knowledge of the defect in the bridge can, under the evidence, be presumed as against the county authorities, still there was proof that vehicles could cross with safety, for the reason that the hole was towards the edge of the bridge and was not large enough for a grown horse to get its foot through; and for this reason it is contended that the bridge was in a satisfactory condition for all ordinary purposes. The decision of this court in *Stamps* v. *Newton County*, 8 *Ga. App.* 230 (5), (68 S. E. 947), is cited as authority to sustain the contention that the use of the bridge by the colt gave rise to an extraordinary occasion.

As to the second ground of defense, it is insisted that the owner of the colt knew that the hole was in the bridge, and that the defendant should not be held liable, because, in the exercise of ordinary care and diligence, the owner should either have left the colt at home, and not permitted it upon the public highway, or should have made a special effort to see to the colt's safety while it was crossing the bridge. Without making any comparison between the case at bar and the *Stamps* case, supra, it is enough for us to say that whether the presence of a colt upon a public bridge gave rise to such an extraordinary occasion as could not have been foreseen by the county authorities, and as might relieve the county from liability for damages, is a question purely for determination by a jury. It is possible that there might be instances in which the circumstances of the accident would authorize the jury to conclude that the occasion was extraordinary. The presence of a colt which had strayed away from home, and which appeared upon a bridge containing such a hole, unaccompanied by its mother, or, even if accompanied by its mother, if the mare was running at large, might afford such an instance, but at last it would be a question for the jury, as in the *Stamps* case (and not for the court), after a consideration of all of the surrounding circumstances. No court can arbitrarily say that under no circumstances can the owner of a colt

be recompensed for injuries due and traceable.to defects in a public highway, because of the fact that the colt was of no service upon the public highway, or because the presence of the colt created an extraordinary occasion.

Likewise, the question as to whether the owner of a colt, in the exercise of ordinary care and diligence, should, in any particular instance, keep the colt at home, and not permit it to follow its mother as is frequently the custom, is one also peculiarly of fact and to be determined by the jury. All of the circumstances illustrating the alleged negligence of the county in this case, as well as the contributory negligence, if any, of the owner, were fully submitted for the consideration of the jury; and jurors are so much better qualified than judges to say when and where, and under what circumstances, a young colt can safely accompany its mother, that we are not prepared to say that there was any error in the verdict in the present case.

It is not contended that any error of law was committed by the trial judge. The only error assigned is the refusal of the motion for new trial based upon the general grounds, and, as we doubt not that the ruling of the trial judge was based upon the same considerations as those which affect us, the judgment must be *Affirmed*.